UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,

Case No. 2:17-cv-20640-10

HONORABLE STEPHEN J. MURPHY, III

v.

DANGELO DAVIS,

             Defendant.
_____/

**OPINION AND ORDER
DENYING COMPASSIONATE RELEASE [669]**

Defendant Dangelo Davis moved for compassionate release. ECF 669. Because the motion is meritless, the Court will not order a Government response—ordering a Government response would waste prosecutorial resources. The Court will deny the motion.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted his request for compassionate release, ECF 669, PgID 7823, 7830–31, he must satisfy "three substantive requirements" for the Court

1

to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal

quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

Defendant claimed that the COVID-19 pandemic is an extraordinary reason that requires his release because of his obesity, despite that fact that he is fully vaccinated against COVID-19. ECF 669, PgID 7824–26; *see also id.* at 7841. These concerns are not extraordinary or compelling. For one, the Sixth Circuit has held "that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (per curiam). Indeed, courts in the Eastern District of Michigan routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of his or her fear of contracting COVID-19. *United States v. Collier*, No. 15-cr-20774, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (collecting cases).

For another, there is nothing uncommon about the risks that Defendant faces to serious illness because of his obesity. After all, "[o]besity and overweight are common conditions; 42% of American adults are obese and 32% are overweight." *United States v. Mungarro*, No. 07-20076, 2020 WL 6557972, at *2 (E.D. Mich. Nov.

3

9, 2020) (Cleland, J.) (collecting sources). Nor is obesity a compelling reason to warrant compassionate release because "[w]ith monitoring and effective lifestyle changes, high [BMI] can be improved, if not fully treated." *Id.* (collecting sources). All told, the Court is confident that Defendant can take proactive steps to monitor and reduce his BMI. Because of that, Defendant's high BMI does not warrant compassionate release. The Court will therefore deny the motion for compassionate release.

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [669] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 9, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 9, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
