UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

v.

DANGELO DAVIS,

         Defendant.
_____/

Criminal Case No. 2:17-cr-20640-10
Civil Case No. 2:22-cv-10641

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
POST-JUDGMENT MOTIONS [722; 723]**

The Court dismissed Defendant Dangelo Davis's motion to vacate his sentence under 28 U.S.C. § 2255 on August 24, 2022. ECF 720. As the Court explained, despite receiving several warnings, Defendant refused to waive the attorney-client and work-product privileges with his trial and appellate counsel, Mr. John Brusstar. *See generally id.* Shortly after the dismissal order, Defendant sent two letters to the Court that clarified he wanted to waive the attorney-client privilege. ECF 722; 723. The Court will liberally construe the letters as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and for relief from judgment under Rule 60(b). *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).[1] For the following reasons, the Court will deny the liberally construed post-judgment motions.

The Court will incorporate the facts from the order dismissing the motion to vacate. ECF 720, PgID 8148–49, 8153–54. The Court will also add the following facts.

---

[1] The Court need not hold a hearing under Local Rule 7.1(f)(1) and 7.1(h)(3).

1

Defendant sent a letter to the Court dated August 21, 2022. ECF 723, PgID 8162. It was postmarked on August 25, 2022. *Id.* at 8163. The letter explained that Defendant wanted "to waiver [sic] [his] rights to the attorney-client privilege." *Id.* at 8162. The letter explained that he "did not know that in order to have [his] 2255 motion heard[,] [he] had to waiver [sic] [his] rights." *Id.* He also "ask[ed] for an extension for reconsideration." *Id.*

Defendant sent another letter to the Court on August 28, 2022. ECF 722, PgID 8160. It was postmarked on August 28, 2022. *Id.* at 8161. It explained, "I just recently discovered that in order to have my 2255 motion heard[,] I have to waiver [sic] the attorney-client privilege." *Id.* at 8160. He added that he waived the privilege. *Id.*

## LEGAL STANDARD

I. Rule 59(e)

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted). A "[m]anifest injustice" is "[a] direct, obvious, and observable error in a trial court." *Manifest Injustice*, Black's Law Dictionary (11th ed. 2019). A "general definition of manifest injustice" has not been developed, and courts "look at the matter on a case-by-case basis." *Est. of Romain v. City of Grosse Pointe Farms*, No. 14-cv-12289, 2018 WL 3100907, at *2 (E.D. Mich. June 25, 2018) (quoting *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007)).

II. Rule 60(b)(1)

The Court may grant a Rule 60(b)(1) motion based on a "mistake." Rule 60(b)(1) relief "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake . . ., or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). When a party claims excusable mistake, the Court must evaluate three factors.

First, the Court must look at Defendant's "culpability—that is, whether the neglect was excusable." *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (quotation omitted). Second, the Court must consider "any prejudice to the opposing party." *Id.* (quotation omitted). And third, the Court must consider whether Defendant "holds a meritorious underlying claim." *Id.* (quotation omitted). But the Court must first find that Defendant lacked culpability under the first factor before assessing the last two factors. *Id.* (quotation omitted).

## DISCUSSION

The Court will first deny the Rule 59(e) relief. After, the Court will deny the Rule 60(b)(1) relief. Last, the Court will deny a certificate of appealability and in forma pauperis on appeal.

I. Rule 59(e)

The only applicable ground Defendant has for Rule 59(e) relief is a need to prevent manifest injustice. But the Court's dismissal order did not create any manifest injustice.

3

The Court did not err when it dismissed the motion to vacate. The Court clearly warned Defendant that he would need to waive the attorney-client and work-product privileges with Mr. Brusstar to pursue his ineffective-assistance of counsel claims. ECF 695, PgID 8055 (ordering "Defendant to show cause for why the Court should not find that he waived attorney-client privilege between himself and Mr. Brusstar or to withdraw his ineffective-assistance claim in writing."). The Court gave Defendant the chance to "waive[] the attorney-client and work-product privileges between himself and Mr. Brusstar as needed to litigate the ineffective-assistance claims." ECF 695, PgID 8055–56. The Court even explained that if Defendant did not wish to waive the privileges, then he should consider "withdraw[ing] his ineffective-assistance-of-counsel claim[s]." *Id.* at 8056. In short, the Court provided clear warnings to Defendant and gave him more than enough time to research and consider waiving the privileges.

The Government also provided enough warning to Defendant. ECF 693, PgID 8045 ("[T]he Court should issue an order advising Davis that persistence in his ineffective assistance counsel claim will result in a finding of waiver of the attorney-client and work product privileges, and, giving Davis [thirty] days to withdraw his claim if he wishes to preserve those privileges.") (collecting cases); ECF 715, PgID 8122–23 (detailing how Defendant's claims fail because he has refused to waive the privilege).

Despite all those warnings and all the case law provided to Defendant, he adamantly refused to waive any privilege with Mr. Brusstar. ECF 705, PgID 8089,

4

8091. Even in Defendant's reply brief, he continued to refuse to waive any privilege after he noted that "the [G]overnment is now moving this honorable Court to dismiss [] Petitioner's pending 2255 motion based on Petitioner's refusal to waive his attorney-client privilege with former counsel John W. Brusstar." *See* ECF 719, PgID 8145–46.

Defendant refused to heed the warnings of the Court and the Government. It follows that his strategic choices, despite the clear warnings and ample time he had to research the issues, do not lead to any manifest injustice. The Court will therefore deny the Rule 59(e) motion.

II. Rule 60(b)(1)

The Court will deny the Rule 60(b)(1) relief because any "mistake" that Defendant alleged was inexcusable. Again, Defendant received ample authority, warning, and time to decide whether to waive the privileges with Mr. Brusstar. Thus, even assuming Defendant were mistaken, he has nobody but himself to blame for it. To that end, the Court will reject the request to reverse the dismissal order. Although one of the letters he sent to the Court predates the Court's dismissal order, ECF 723, PgID 8162, the letter was likely backdated. For one, the letter was postmarked four days later and only three days before Defendant sent another letter to the Court. *Id.* at 8163; *see also* ECF 722, PgID 8160–61 (dated August 28, 2022). For another, the letter asked the Court to provide "an extention [sic] for reconsideration." ECF 723, PgID 8162. The Court can only infer that Defendant sought an extension for the Court to reconsider the dismissal order given that the last order the Court had issued—

5

besides the dismissal order—was issued two months earlier. ECF 710. In sum, the Court will deny the liberally construed Rule 60(b)(1) motion because Defendant's mistake was inexcusable. *See Mineta*, 675 F.3d at 629. Defendant brought the dismissal on himself despite several warnings and time to make a reasoned decision. The Federal Rules of Civil Procedure do not excuse these kinds of strategic mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

III. Certificate of Appealability and Proceeding In Forma Pauperis on Appeal

To appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Defendant must show "that reasonable jurists could debate whether" the Court should have resolved the § 2255 motion "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the motions. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

**WHEREFORE**, it is hereby **ORDERED** that the liberally construed post-judgment motions [722; 723] are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: September 6, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 6, 2022, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager